

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FERNANDO MATEO, Individually and on
Behalf of All Other Persons Similarly
Situated,

                               Plaintiff,

            -against-

UNIVERSAL LANGUAGE CORPORATION,

                              Defendant.

**ORDER**

13-CV-2495 (NGG) (JO)

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On April 24, 2013, Fernando Mateo, acting on behalf of himself and others similarly situated, brought suit against Universal Language Corporation ("Universal") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law ("NYLL"), §§ 190 et seq., 650 et seq. (Compl. (Dkt. 1).) The court conditionally certified the matter as a collective action. (Nov. 7, 2013, Order.) Although Universal answered the Complaint (Answer (Dkt. 10)), it thereafter stopped participating in the action (see Oct. 6, 2014, Order (Dkt. 47).) On September 15, 2015, Magistrate Judge James Orenstein recommended that this court strike Universal's Answer and allow Plaintiff to move for a default. (Sept. 15, 2014, Report and Recommendation (Dkt. 46).) The court adopted Judge Orenstein's recommendation. (Oct. 6, 2014, Order.)

      Plaintiff moved for a default judgment on December 2, 2014. (Mot. for Default J. (Dkt. 51).) The court referred the motion to Judge Orenstein for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dec. 8, 2014, Order (Dkt. 67).)

1

On September 4, 2015, Judge Orenstein issued an R&R recommending that the court deny a default judgment, decertify the collective action under the FLSA, and dismiss the action sua sponte with prejudice as to Plaintiff Mateo and without prejudice as to the opt-in Plaintiffs. (R&R (Dkt. 78) at 14.)

No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 15 ("Any objections to this Report and Recommendation must be filed no later than September 21, 2015. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). For the reasons stated below, the court ADOPTS the R&R in full.

Judge Orenstein found—upon reviewing the full record, including the testimony of two witnesses at a damages inquest hearing—that Plaintiff could not state a claim. (R&R at 14.) Specifically, Judge Orenstein found that Plaintiff was not employed by Universal and was therefore outside the ambit of the FLSA and the NYLL's wage and overtime protections. (Id.) The court finds that this determination was not clearly erroneous.

In order to determine whether an individual is an employee under the FLSA the court looks to the economic reality of the worker's position. Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988). "In particular, the Court assesses (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." Browning v. Ceva Freight,

2

LLC, 885 F. Supp. 2d 590, 599 (E.D.N.Y. 2012) (quoting Godoy v. Rest. Opportunity Center of N.Y., Inc., 615 F. Supp. 2d 186, 192-93 (S.D.N.Y. 2009)). In determining whether a worker is an employee or an independent contractor, a court need not find all of the factors—instead, the totality of the circumstances should be considered. Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132, 141-42 (2d Cir. 2008). New York's Labor Law is substantially similar. See Sellers v. Royal Bank of Can., No. 12-CV-1577 (KBF), 2014 WL 104682, at *6 (S.D.N.Y. Jan. 8, 2014) aff'd, 592 F. App'x 45 (2d Cir. 2015) (summary order); Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003). Judge Orenstein correctly identified and applied this legal standard. (R&R at 9-12.)

Specifically, Judge Orenstein carefully examined the testimony of two Universal workers—Mateo and Chavez—who claimed to be Universal employees. (Id. at 11-12.) Both Mateo and Chavez testified that they: paid for their own equipment, typically worked from a client's office or at home, were permitted and did occasionally refuse work assignments, and were permitted and did work for other companies during the same period that they worked for Universal. (Id.) Courts in this circuit have found facts similar to these indicative of an independent contractor relationship. See, e.g., Meyer v. U.S. Tennis Ass'n, 607 F. App'x 121, 123 (2d Cir. 2015) (summary order) (finding that U.S. Open umpires were independent contractors because, inter alia, they (1) were free to decide to work and for how long and (2) were free to work for multiple tennis associations); Browning, 885 F. Supp. 2d at 600 ("The ability to reject assignments without penalty can support a finding of independent contractor status"). Accordingly, the court concludes that it was not clear error for Judge Orenstein to find that Mateo was an independent contractor. Because Mateo was an independent

3

contractor he cannot state a wage and overtime claim against Universal under either the FLSA or the NYLL.

Consequently, the motion for default judgment is DENIED and the court will decertify the collective action under the FLSA and DISMISS Mateo's claims WITH PREJUDICE and the opt-in Plaintiffs' claims WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to enter a judgment for the Defendant and to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
      September 23, 2015

NICHOLAS G. GARAUFIS  
United States District Judge